# UNITED STATES DISTRICT COURT

Takaeus Makeon Graham   1333930        VERIFIED
Plaintiff                STATE NUMBER   COMPLAINT

VS.

Lt. Richardson, Sgt. Scotts, Officer Fennell, Unknown Named Female Officer, Unknown Named Male Lieutenant, Morning Shift Intake Nurse, Jail Doctor, CHATHAM COUNTY JAIL, Sheriff John Wilcher, Commander Brian Counihan, Cheif Deputy William Freeman

Defendants

CHATHAM COUNTY JAIL, 1050 CARL GRIFFIN DRIVE, SAVANNAH, GEORGIA 31405
Address For All The Defendants Named Above

912-652-7700
Phone Number For All The Defendants Named Above

POOLER POLICE DEPARTMENT, Officer R. Morris, Officer E. Bennett, Unknown Named Male Officer

Defendants

POOLER POLICE DEPARTMENT, 100 U.S. Highway 80 SW, Pooler, Georgia 31322
Address For Defendants ▓▓▓ R. Morris, E. Bennett, POOLER POLICE DEPARTMENT, Unknown Named Male Officer

Page (1)

[FILED U.S. DISTRICT COURT SAVANNAH DIV. 2020 JAN 13 PM 4:37 CLERK SO. DIST. OF GA.]


CITY OF SAVANNAH, CITY OF POOLER, POOLER COUNTY, CHATHAM COUNTY

Defendants

The Municipal Defendants CITY OF SAVANNAH, CITY OF POOLER, POOLER COUNTY, and CHATHAM COUNTY locations are their City and County lines.

Address For Above Municipal Defendants

I. JURISDICTION: Pursuant to 42 U.S.C. § Section 1983 the Plaintiff is filing this action for redress for the deprivation of U.S. Constitutional Rights and federal Rights by Officers and Officials and persons who acted under the color of state law.

II. ADDITIONAL JURISDICTION: The court has additional jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. § 2201, 28 U.S.C. §2202, 42 U.S.C. §2000d, 29 U.S.C.S. § 794, Rule 60 of the Federal Rules Of Civil Procedure, Rule 65 of the Federal Rules Of Civil Procedure, the Extradition Act, 28 U.S.C. §1608, 28 U.S.C. §1404, 28 U.S.C §1404(a), 28 U.S.C. §1391 and 42 U.S.C. §1985, and the 4th and 14th Amendment of the U.S. Constitution, And Rules 19 and 21 of the Federal Rules Of Civil Procedure.

III. CAPACITY OF SUIT: All defendants are being Sued in their Individual Capacity and Official Capacity.

IV. PROPER VENUE: The UNITED STATES DISTRICT COURT is the proper Venue because the events in this action occurred in Pooler, Georgia and Chatham County Jail located at 1050 Carl Griffin Drive, Savannah, Georgia ▮ 31405.

V. EXHAUSTION OF ADMINISTRATIVE REMEDIES: All "available" administrative remedies were exhausted. Anything the defendants claim was not exhausted is because the defendants did not allow the Plaintiff to use any other administrative means to grieve the issues. The CHATHAM COUNTY JAIL grievance system is completely electronically filed and the Plaintiff was informed by jail officials that he could not obtain a paper copy of the filed grievance or file a paper copy. The Plaintiff never received a response back about any issues. The Plaintiff also tried to file a complaint on the Pooler Police Department defendants through mail but did not receive a response. When the Plaintiff was in CHATHAM COUNTY JAIL the inmate numbers associated with the Plaintiff's name were 2019011323 and (CP1901461).

VI. CLAIMS: The Plaintiff claims that he was sexually abused from the totality of events surrounding the two physical searches by hand, and the physical completely naked strip search done by force in front of three female officers, also that the Plaintiff's 4th, 5th, 6th, 7th, 8th, and 14th Amendment Rights under the UNITED STATES Constitution were violated, as well as the Plaintiff's rights under the Extradition Act implemented by Congress and the laws governing extradition in Georgia, also the Plaintiff Claims that his rights under Article 1, § section 10, clause 1 of the UNITED STATES CONSTITUTION were violated in regards to the Bill of Attainder, Confederation, Alliance, and Impairing The Obligation Of The Contract Sections Of the U.S. Constitution, and that the defendants Violated Article 1, § Section 9, Clause 3 for the same reasons and that the defendants Violated the Common Law Tort of Improper process. The defendants also Violated Article IV of the U.S. constitution.

**VII. FACTS:**

(1) The Plaintiff was stopped by officer R. Morris on January 29th 2019.

(2) Officer R. Morris stated that he was responding to a call made by a resident in Pooler, Georgia complaining that a black guy with dreads and a Caucasion female knocked on a resident's door and that that person became scared and wanted the police to stop the two people to make sure that they were legit.

(3) The Plaintiff did not and does not fit the description of either suspect because the Plaintiff's hair is not nearly as long as the suspects' hair and the Plaintiff's hair was not in any style or fashion similar to dreads, the Plaintiff's hair was in cornrow braids and can be proven by viewing the photo of the Plaintiff taken at CHATHAM COUNTY JAIL that night approximately at 7:30 PM.

(4) The officer R. Morris identified the two suspects and also verified that they were legit workers for Kirby and the Avalin store.

(5) After verifying that the suspects were legit, officer R. Morris then demanded that the Plaintiff along with two other people who were not reported by the Pooler, Georgia resident, to provide their personal information to him including full name, social security number, birth date, and photo identification cards.

(6) A unknown named Caucasion officer came back to verify the social security number of the Plaintiff.

(7) Officer R. Morris then searched the Plaintiff's information using the Rapid Identification database and other networks and databases accessible by officer R. Morris and the POOLER POLICE DEPARTMENT.

(8) Officer R. Morris then approached the Plaintiff and arrested the Plaintiff and informed the Plaintiff that the Plaintiff had a warrant for his arrest issued by Virginia for a violation of probation and parole.

(9) Officer R. Morris and Officer E. Bennett transported the Plaintiff to CHATHAM COUNTY JAIL, R. Morris was the driver.

(10) The stop and arrest was made at approximately 7:00 PM to 7:15 PM.

(11) Upon arrival at CHATHAM COUNTY JAIL R.Morris was informed that he had to take the Plaintiff to the hospital, but officer R.Morris refused saying that the Plaintiff was not drunk, sick, or injured, and that he will just let the Plaintiff go if they do not accept me as a prisoner.

(12) Officer R.Morris then took me back outside of the jail and spoke on the phone with jail officials and they agreed to house the Plaintiff in the jail.

(13) When officer R.Morris brought the Plaintiff back inside the jail the Plaintiff stated that they should let the Plaintiff go because the Plaintiff does not have any criminal charges, Officer R.Morris responded saying "Your a Molester" those were his exact words.

(14) After R.Morris called the Plaintiff a molester the CHATHAM COUNTY JAIL Officials made evil face expressions towards the Plaintiff as if what R.Morris said was true.

(15) Most likely they thought what he said was true because he was a officer.

(16) Next, the Plaintiff was searched by a female officer named Fennell who rubbed the Plaintiff's penis atleast six times during the physical search.

(17) Directly after Fennell searched the Plaintiff Sgt. Scotts searched the Plaintiff only seconds later.

(18) Next, Officer Scotts stated that the Plaintiff had to be strip searched.

(19) Officer Fennell then snatched the Plaintiff's shoes/boots off his feet.

(20) The Plaintiff complained that they were violating the Plaintiff's rights and that they are not allowed to strip search pre-trial detainees.

(21) Next, the Plaintiff was stripped by officers Sgt. Scotts, the unknown named short Caucasion Lieutenant (who claimed to be the officer in charge), and a unknown named black officer who blocked the view of Lieutenant Richardson, the other two officers that were female seen the Plaintiff's penis.

(22) Officer Richardson said "I want to see his dick", in a low tone while speaking to the unknown named female with glasses on, who is black like Lieutenant Richardson. Those were Richardson's exact words.

23) The unknown named black female officer wearing glasses said "I don't know why you want to see his dick for, he got a little dick I already seen it." She said these exact words loud and clear, loud enough for everyone to hear it in a 15 feet radius. We were about 10 feet apart.

24) Next, the unknown named black female officer with glasses said look you can still see the bottom of his dick, you can tell his dick is little just by looking at the bottom of it. These were her exact words loud and clear.

25) Next, CHATHAM COUNTY JAIL clothing was placed on the Plaintiff, except for shoes or any thing to were on the feet not even socks.

26) Next, officer Fennell came mockingly waving shower slippers in front of the Plaintiff's face and said "do you want these", Fennell could have just slipped them onto my feet just as she snatched my boots off my feet without asking.

27) Before I could respond Lieutenant Richardson said "No, he likes walking around barefoot", these were her exact words.

28) Next, I stated that I had Plantar Faciitis in my left foot and that I needed to put back on my boots to reduce pain and the possibility of making my foot worst than what it is, Richardson responded saying sounds like something to tell the nurse.

29) Next, Richardson ordered Sgt. Scotts to place the Plaintiff in the detox tank/room, even though the Plaintiff was not intoxicated or high off anything, nor did the Plaintiff's behavior show any signs of being high or intoxicated.

30) When the Plaintiff entered the detox room the Plaintiff was barefoot, and the detox room/tank floor and walls were moist and covered with urine, semen, blood, bile, and throw up, and the room smelled like a rancid version of each combined causing a choking odor in the air making it hard to breath.

31) The detox tank/room did not have a toilet or sink, and no drinking water was available, in fact there was a hole in the middle of the floor that had to be used as a toilet, and it could not be flushed at the time, and a large solid turd could not fit through the hole because the cover over it had numerous smaller holes too small for anything larger to go through.

32.) The Plaintiff needed to use the toilet almost as soon as the Plaintiff entered the detox tank/room, so the Plaintiff complained that the detox tank violated the Plaintiff's rights under the 8th Amendment of the United States Constitution, because there was no toilet or drinking water, the Plaintiff told them he would be force to use the hole in the floor, so the Plaintiff urined in the hole and the smell of raw sewage rose up out of the hole.

33.) The Plaintiff complained that he could not flush the toilet and Sgt. Scott pushed a button outside of the cell which caused the water to move, but did not appear to flush the hole even though it made the same sound as a toilet flushing, then the odor in the room got twice as foul.

34.) Next, the Plaintiff had to take a bile movement and push it out of the detox tank/room door into the main pod area so that the Plaintiff would not have to smell that all night along with the other odors.

35.) The Plaintiff had to sleep in the detox tank until the next morning, around 5:00AM which is when the Plaintiff was moved to a regular holding cell. The Plaintiff was in the detox tank approximately 8 hours. Neither cell had sheets, blankets or a mattress and the Plaintiff was wearing a thin ▓▓▓ jail uniform.

36.) The next morning January 30th 2019 the Plaintiff completed the intake process after being informed that he would not be allowed to eat anything other than peanut butter and jelly sandwiches until the Plaintiff goes through with the rest of the intake process.

37.) The Plaintiff then spoke with a young female nurse of Asian descent that looked Japanese, and the Plaintiff informed the nurse that his foot was hurting, and that the Plaintiff has Plantar Fasciitis in the left foot, and the Plaintiff needs the boots that the Plaintiff came in wearing, a pair of Sure Step insoles, bio-freeze and some type of pain relieving patch that I could stick on the part of the foot that was hurting.

38.) The nurse denied the request and said the Plaintiff would have to buy shoes off the Jail prison commissary list. The Plaintiff then said that he was indigent.

39.) The Plaintiff then informed the nurse that the Plaintiff was taking 800 milligram Ibuprophin and that I needed something smooth round and hard like a theraputic ball to roll my foot back and forth on and some kind of shoes or boots that has Sure step insoles and don't bend any where except the toe area.

Page (7)

40.) The Plaintiff also informed the nurse that the Plaintiff was supposed to have a steroid injected into the foot in April 2019, along with all the previous request made by the Plaintiff, and all the things that the Plaintiff was requesting, was what was recommend by Norshae Robinson who was the foot Specialist treating the Plaintiff for Plantar Fasciitis, I also informed the nurse that I already had a foot injection in October of 2018.

41.) The nurse then stated that they don't provide any of those things, but I could get oral medicine from the doctor.

42.) The Plaintiff filed two separate complaints using the electronic grievance system using the jail Kiosk, one for the medical issues and one for all the other issues that occurred during intake.

43.) The Plaintiff only received a response for the medical issue informing the Plaintiff that he would be called to the medical department to be seen by the doctor. I later filed another grievance about the other issues to a different department, but still never received a response.

44.) I later seen the doctor and told the doctor everything I stated to the intake nurse in Sections (37.), (39.), and (40.) of FACTS.

45.) The doctor also denied all request and gave the Plaintiff a oral medicine that did not take away any pain, and this was on or close to February 11th 2019. So the Plaintiff served approximately 17 days in CHATHAM COUNTY JAIL in severe pain before being illegally extradited to Virginia into the custody of the VIRGINI DEPARTMENT OF CORRECTIONS.

46.) On or close to February 7th 2019 the Plaintiff was informed by a judge that the Plaintiff was not in court for a hearing, trial, or pre-trial for anything, but wanted the Plaintiff to sign one of either two documents. One document was to waive the Plaintiff's rights of extradition and the other document was to give Georgia the jurisdiction to handle the matter in their court, the Plaintiff refused to sign both. The judge then informed the Plaintiff that CHATHAM COUNTY JAIL officials would have to release the Plaintiff ten days from the date of the Plaintiff's initial arrest date, but they didn't. CHATHAM COUNTY JAIL officials held the Plaintiff approximately 17 days and illegally extradited the Plaintiff. The Plaintiff was arrested January 29th 2019 and was illegally extradited February 14th 2019 (VALENTINES DAY). The Governor of Virginia never requested the Plaintiff's extradition.

Page (8)

## VIII. CONCLUSION:

The defendants and other states and their officials have formed an Alliance to make arrest and enforce the State laws of different Sovereign States by sharing information, network, and databases, including the RAPID IDENTIFICATION database used to share information. Gathered and collected by Pooler, Georgia, POOLER POLICE DEPARTMENT officials, and the Virginia officials, including the COMMONWEALTH OF VIRGINIA, the VIRGINIA PAROLE BOARD, and the NORFOLK PROBATION and PAROLE office officials, also for the previous stated reasons in this section and because the States share a common Flag and banner under the Fraternal Order of Police (F.O.P.) they have formed a confederation, the States have gone completely rogue of the U.S. Constitution. The defendants also incarcerated the Plaintiff by use of a Bill of Attainder, because the Plaintiff did not have any criminal charges in Georgia, also the Plaintiff didn't have criminal charges in Virginia, the Plaintiff was only accused of a alleged technical or conditional violation in Virginia and the proper process under Georgia law and Virginia law was Not used. The last contract signed in Virginia states that the Plaintiff had zero (0) years, zero (0) months, and zero (0) days of probation supervision and the Plaintiff's arrest and incarceration proves that the obligation of the contract was impaired and not followed, besides that the Plaintiff never contracted with Georgia for any reason, unless it was done under duress, and they would need to show proof because I disagree with ever contracting with the defendants or other Georgia officials. For the previous stated reasons in this section the defendants violated Article 1, § Section 9, Clause 3, and Article 1, § Section 10, Clause 1 of the U.S. Constitution.

After officer R. Morris identified his two suspects and found out that they were legit, Officer R. Morris should not have seized the Plaintiff's personal information, should not have searched the Plaintiff's personal information, should not have searched the Plaintiff, and should not have arrested the Plaintiff, each act violated the Plaintiff's 4th Amendment Rights under the U.S. Constitution.

The 3 searches done on the Plaintiff invalidated each other, so each one violated the 4th Amendment of the U.S. Constitution, in regards to the searches done by the defendants. The naked strip search violated the 4th and 8th Amendment of the U.S. Constitution. The searches, being forced to walk barefoot, being placed in the detox tank, and the medical issues violated Plaintiff's 8th Amendment Rights of the U.S. Constitution.

All other rights were violated because all the events mentioned as a whole and because indigent inmates don't have equal treatment medically and the chance to wear shoes.

Page (9)

**IX. DEMAND FOR RELIEF SOUGHT:** (1.) The Plaintiff seeks **COMPENSATORY DAMAGES** $50,000.00 for the naked strip search in front of female officers or the maximum amount of damages determined by the judge or jury, plus punitive damages in the amount determined by the judge or jury. (2.) The Plaintiff seeks $25,000.00 in compensatory damages or the maximum amount of damages determined to be appropriate by the judge or jury for the Plaintiff being forced to walk around barefoot and walk barefoot in the detox tank while the floor was covered in urine, feces/bile, throw up, semen, and blood and being forced to urine in a hole and have a bile movement on the floor, with no drinking water in the tank, plus punitive damages in the amount determined by the judge or jury. (3.) The Plaintiff seeks $10,000.00 in compensatory damages for the seizure, searches, and arrest made by Officer R. Morris and the two defendants that assisted him, along with punitive damages in the amount determined by the judge or jury, because of the arrest the Plaintiff has lost everything he had including his new job and has to get back to a stable start into society. (4.) The Plaintiff seeks $10,000.00 in compensatory damages for his illegal extradition or the maximum amount of damages appropriate determined by a judge or jury. (5.) The Plaintiff seeks $10,000.00 in compensatory damages for the Medical officials not providing the Plaintiff with anything to treat Plantar Faciitis, or the maximum amount allowed determined by the judge or jury, plus punitive damages in the amount determined by the judge or jury. (6.) If the trial is a bench trial then the judge can determine the amount of compensatory and punitive damages that should be awarded. (7.) If the trial is a jury trial the jury should determine the amount of compensatory and punitive damages that should be awarded. For all claims that the Plaintiff did not state a amount of damages for, the Plaintiff wants the jury or judge to determine the appropriate amount of compensatory and punitive damages. (8.) All defendants are being sued jointly, severally, or in the alternative.
(9.) In addition to damages the Plaintiff seeks injunctive relief in the following ways, the Plaintiff wants all information contained in the Rapid Identification database and any other databases accessible by the defendants that pertains to the Plaintiff or is about the Plaintiff, turned over to the Plaintiff for keeping. Also, all records and other information that pertains to the Plaintiff or is about the Plaintiff stored in any database including the Rapid Identification database or is in paper form are to be deleted, expunged, and to be destroyed. Also, the Plaintiff wants the defendants to be barred from ever keeping, holding, and/or collecting information about the Plaintiff, this includes finger prints and DNA, whether or not physical records or electronic records.
(10.) The Plaintiff also seeks declaratory relief to be determined by the judge.

**X. CONSENT TO TRIAL BY MAGISTRATE JUDGE:** Pursuant to 28 U.S.C. §636(c) the Plaintiff consents to trial by a magistrate judge.

I, Takaeus Graham, the Plaintiff, hereby declare under penalty of perjury that everything stated in this **VERIFIED COMPLAINT** is true and correct to the best of my knowledge and understanding.

Takaeus Graham
PRINTED NAME

SIGNATURE

January 6th 2020
DATE

Takaeus Graham
INMATE I.D. NUMBER 1333930
HU-9-CELL-241
Greensville Correctional Center
901 Corrections Way
Jarratt, Virginia 23870
PAGE (10)

Takaeus Gresham
GREENSVILLE CORRECTIONAL CENTER
901 CORRECTIONS WAY
JARRATT, VIRGINIA 23870



TO: UNITED STATES DISTRICT COURT
125 BULL STREET
SAVANNAH, GEORGIA 31401

LEGAL
MAIL