IN THE UNITED STATES DISTRICT COURT FOR THE FILED
SOUTHERN DISTRICT OF GEORGIA U.S. DISTRICT COURT
SAVANNAH DIVISION AUGUSTA DIV.

| | | |
|---|---|---|
| TAKAEUS MAKEON GRAHAM, | * | 2022 APR -b P 12: 19 |
| | * | |
| Plaintiff, | * | CLERK _M. alerto_ |
| | * | SO. DIST. OF GA. |
| v. | * | CV 420-011 |
| | * | |
| LT. RICHARDSON; SGT. SCOTTS; | * | |
| OFFICER FENNELL; UNKNOWN NAMED | * | |
| FEMALE OFFICER; UNKNOWN NAMED | * | |
| MALE LIEUTENANT; MORNING SHIFT | * | |
| INTAKE NURSE; JAIL DOCTOR; | * | |
| CHATHAM COUNTY JAIL; SHERIFF | * | |
| JOHN WILCHER; COMMANDER BRIAN | * | |
| COUNIHAN; CHIEF DEPUTY WILLIAM | * | |
| FREEMAN; POOLER POLICE | * | |
| DEPARTMENT; OFFICER R. MORRIS; | * | |
| OFFICER E. BENNETT; UNKNOWN | * | |
| NAMED MALE OFFICER; CITY OF | * | |
| SAVANNAH; CITY OF POOLER; POOLER | * | |
| COUNTY; and CHATHAM COUNTY, | * | |
| | * | |
| Defendants. | * | |

**O R D E R**

Plaintiff filed this lawsuit while at Greensville
Correctional Center, although his claims arise out of events that
took place in Chatham County, Georgia. Plaintiff is proceeding
*pro se* and *in forma pauperis* ("IFP") in this case brought under 42
U.S.C. § 1983. (Doc. No. 3 (granting IFP status).) Because he is
proceeding IFP, Plaintiff's pleadings must be screened to protect
potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785
(11th Cir. 1984) (per curiam); Al-Amin v. Donald, 165 F. App'x
733, 736 (11th Cir. 2006) (per curiam); 28 U.S.C. § 1915A. A *pro*

*se* litigant's pleadings are held to a more lenient standard than those drafted by an attorney, <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007), but the Court may dismiss the Complaint or any portion thereof if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). For the following reasons, Plaintiff's claims are dismissed without prejudice.

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." <u>Rivera v. Allin</u>, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* <u>Jones</u>

v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera, 144 F. 3d at 721-27.

The Court is aware of at least three other cases Plaintiff filed related to his imprisonment, some of which concern the same facts alleged here: (1) Graham v. Jarrell, CV 216-063 (E.D. Va. Feb. 10, 2016) (dismissed for failure to comply with court order); (2) Graham v. Murphy, CV 219-354 (E.D. Va. Jul. 9, 2019) (dismissed for failure to comply with court order); Graham v. Stallard, CV 717-035 (W.D. Va. Jan. 27, 2017) (dismissed for failure to comply with court order). All three were dismissed and count as strikes. Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

Plaintiff makes no specific allegations to attempt to satisfy the present imminent danger exception. And without

3

"specific fact allegations of ongoing serious physical injury,
or of a pattern of misconduct evidencing the likelihood of
imminent serious physical injury," he may not proceed in this
case.   See Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir.
2004).

Upon the foregoing, Plaintiff's claims are **DISMISSED WITHOUT
PREJUDICE.**   The **CLERK** is **DIRECTED** to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 6th day of April,
2022.

_____
UNITED STATES DISTRICT JUDGE

4